**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHERYL C. FILLMORE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 4:25-CV-02229<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**SEPTEMBER 30, 2026**

Plaintiff Cheryl Fillmore filed the instant lawsuit alleging negligence by the United States under the Federal Torts Claims Act ("FTCA").[1] Presently pending is the Government's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The government argues that, because Ms. Fillmore's claim is fundamentally a veteran benefits claim concealed in FTCA robes, the Court is stripped of subject matter jurisdiction by the Veterans' Judicial Review Act of 1988 ("VJRA").[2] The motion is now ripe for disposition; for the reasons that follow, it is denied.

## I. BACKGROUND

The facts alleged in the complaint are as follows.

1 Doc. 1 (Compl.) ¶ 9; 28 U.S.C. §§ 1346, 2671 et seq.
2 Doc. 12, at 1.

Cheryl Fillmore is the 68-year-old widow of United States Marine Corps Veteran John Fillmore.[3] On December 17, 2023, after Mr. Fillmore submitted a supplemental claim to the Department of Veteran Affairs ("VA") for a colorectal cancer diagnosis, an examining physician wrote an opinion finding that his cancer diagnosis was connected to his military service.[4] Such a service connection would make Mr. Fillmore eligible for disability benefits from the VA. Tragically, Mr. Fillmore passed away the next day.[5] Nevertheless, the VA two days later granted disability benefits to Mr. Fillmore for his cancer, effective from October 2022 and thereby including $51,035.86 in retroactive benefits.[6]

As Mr. Fillmore's widow, Cheryl Fillmore was entitled to her late husband's benefits.[7] Accordingly, in January 2024, Ms. Fillmore applied for various VA death-related benefits, including for burial costs, a "death benefit," and a survivor's pension.[8] The VA denied some benefits and granted others, including the death benefit and survivor's pension.[9] Historically, Mr. Fillmore's pension was paid into a checking account jointly held with Ms. Fillmore at Central Keystone FCU.[10] For

[3] Doc. 1 (Compl.) ¶¶ 9, 14.
[4] *Id.* ¶¶ 18-19.
[5] *Id.* ¶ 20.
[6] *Id.* ¶ 21.
[7] *Id.* ¶ 26.
[8] *Id.* ¶ 32.
[9] *Id.* ¶ 35.
[10] *Id.* ¶ 28.

her survivor's pension, Ms. Fillmore requested the payments be paid into a different account at Central Keystone FCU.[11]

A few months later, to Ms. Fillmore's surprise, Central Keystone FCU began withholding access to *all* of Ms. Fillmore's deposits.[12] This was because, although Ms. Fillmore was *legally* entitled to her late husband's benefits, she was not *administratively* entitled to the benefits until she completed the VA Form 21P-0847.[13] Rather than requesting that Ms. Fillmore complete this form, a VA employee notified Central Keystone FCU of this fact and initiated reclamation procedures, creating a sizable debt to the credit union in Ms. Fillmore's name.[14] This prompted the credit union to place a hold on all funds in Ms. Fillmore's accounts, leaving her nothing to live on.[15]

Ms. Fillmore shortly became aware of the account hold, but it wasn't until speaking with a credit union executive months later that she learned of the debt against her.[16] The news produced a profound shock. Ms. Fillmore was hospitalized and diagnosed with atrial fibrillation and now suffers other health problems

---

11 *Id.* ¶ 37.
12 *Id.* ¶ 39.
13 *Id.* ¶ 30.
14 *Id.* ¶¶ 39, 48, 49.
15 *Id.* ¶ 49.
16 *Id.* ¶ 57.

requiring ongoing cardiac care and counseling.[17] Ms. Fillmore alleges that the harms she suffered amount to $12,000,000.00.[18]

According to Ms. Fillmore, the VA employees bore a legal duty to administer her VA benefits in a reasonable manner.[19] This duty, she alleges, was breached when the VA employee failed to tell her how to cure the problem with her access to her late husband's back benefits and instead sought to recoup the back benefits from the credit union, creating a debt in her name.[20] These actions, according to Ms. Fillmore, proximately caused her substantial physical and mental health challenges.[21] She therefore seeks declaratory and monetary relief from the Government under the Federal Torts Claims Act.[22]

The government argues otherwise. In its motion to dismiss, the Government claims that Ms. Fillmore's dispute is really a benefits claim "stylized" as a negligence claim.[23] According to the Government, Ms. Fillmore is requesting judicial review of a VA benefits decision and actions incidental to that decision.[24] The distinction, although subtle, is dispositive. Negligence claims against the United States are subject to judicial review; veteran benefits claims are not.

---

17 *Id.* ¶¶ 58-61.
18 *Id.* at 10.
19 *Id.* ¶ 66.
20 *Id.* ¶¶ 67-69.
21 *Id.* ¶ 70.
22 *Id.* at 10.
23 Doc. 12, at 5-6.
24 *Id.*

## II. LEGAL STANDARD

### A. Motion to Dismiss Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim."[25] The first step in evaluating a 12(b)(1) motion is to address whether it presents a "facial" or "factual" attack on the plaintiff's claims.[26] The "distinction is significant because, among other things, it determines whether we accept as true the non-moving party's facts as alleged in its pleadings."[27]

A facial challenge contests the court's subject-matter jurisdiction "without disputing the facts alleged in the complaint,'"[28] and requires a court to construe the "allegations of the complaint and documents … in the light most favorable to the plaintiff."[29] A factual challenge, by contrast, asserts that the underlying facts of the case do not support jurisdiction, "either through the filing of an answer or otherwise presenting competing facts."[30] When considering a factual challenge, a court may

---

25 *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

26 *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014) (citation omitted).

27 *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 625, 632 (3d Cir. 2017) (citation omitted).

28 *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)).

29 *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000)).

30 *Davis*, 824 F.3d at 346 (quoting *Aichele*, 757 F.3d at 358 (cleaned up)).

consider evidence outside the pleadings.[31] Further, the plaintiff bears the burden of contesting a factual challenge and proving that jurisdiction exists.[32]

Nevertheless, "a district court must take care not to reach the merits of a case" where substantive and jurisdictional facts are intertwined.[33] Where a court could not rule on jurisdiction without also making a determination on the merits, "the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case."[34] In these circumstances, courts must demand "less in the way of jurisdictional proof than would be appropriate at a trial stage."[35]

### B. Veterans' Judicial Review Act

The VJRA provides that

> The Secretary [of Veterans' Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans .... [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.[36]

Courts have interpreted the VJRA to preclude judicial review of "any type of substantive benefits decision," including "any and all determinations by the

---

31 *Id.*
32 *Davis*, 824 F.3d at 346.
33 *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).
34 *Davis*, 824 F.3d at 348 (internal quotation marks omitted) (quoting *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 898 n.5 (3d Cir. 1987)).
35 *CNA*, 535 F.3d at 144 (citation omitted).
36 38 U.S.C. § 511(a).

Secretary as to eligibility, entitlement, or the scope of benefits (including health care benefits)."[37] Courts have additionally interpreted it to bar review of "any decision made by the Secretary in the course of making a benefits determination."[38]

### C. Federal Torts Claims Act

The FTCA states that

> [T]he the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[39]

Veterans may bring suit under the FTCA if they are injured because of malpractice or negligence of a VA health care employee providing care or treatment on behalf of the VA.[40] Plainly, the VJRA does not bar true FTCA claims.[41]

## III. DISCUSSION

The parties primarily disagree about the timing of the Government's allegedly tortious conduct—what the Plaintiff calls the Government's "harmful behavior

---

37 *Roberson v. United States*, No. 23-2583, 2024 WL 2104498, at *2 (3d Cir. May 10, 2024) (internal quotation marks omitted) (quoting *Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021)).

38 *Id.* (internal quotation marks omitted) (quoting *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018)); *see also Smith*, 7 F.4th at 985.

39 28 U.S.C. § 1346.

40 *See* 38 U.S.C. § 7316(a)(1); *see also United States v. Brown*, 348 U.S. 110, 113 (1954).

41 *See Roberson*, 2024 WL 2104498, at *2 (citing *Tunac*, 897 F.3d at 1205)

trying to collect a debt."[42] In the Plaintiff's telling, the Government had already made its substantive determination that Ms. Fillmore was eligible for and entitled to her late husband's benefits when the Government's allegedly tortious conduct occurred.[43] In the Defendant's telling, however, the Government was still in the course of determining Ms. Fillmore's benefits eligibility when the allegedly tortious conduct occurred.[44] The former narrative suggests that judicial review here would not compel an impermissible review of the Secretary's benefits determination; the latter suggests that it would.

As an initial matter, the Government presents no competing facts. Therefore, the Court considers the Government's motion as a facial, rather than factual, challenge.[45] This Court must therefore view the allegations of the complaint and documents referenced and attached in the light most favorable to the Plaintiff.[46]

The sole question at this stage is jurisdictional: Whether Ms. Fillmore's claim presents, and requires the Court to review, "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits"?[47] The answer is dispositive.

---

42 Doc. 13, at 3.
43 Doc. 1, at ¶¶ 26, 43.
44 *See* Doc. 12, at 5-6.
45 *Davis*, 824 F.3d at 346 (citing *Aichele*, 757 F.3d at 358).
46 *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015)
47 *See* 38 U.S.C. § 511(a).

### A. Text of § 511(a)

From the text of Section 511(a) of the VJRA, two inquiries emerge. First, does Ms. Fillmore's claim involve "a decision by the Secretary under a law that affects the provision of benefits … to veterans."[48] That is, does Ms. Fillmore's claim implicate a determination by the Secretary as to eligibility, entitlement, or the scope of benefits? The second inquiry asks whether Ms. Fillmore's claim would require review of "questions of law and fact necessary" to the Secretary's decision.[49]

### B. Analysis

The present analysis concludes at the first step. Cloudy waters prevent the Court from resolving whether Ms. Fillmore's claim implicates a decision of the Secretary made substantively about or in the course of a benefits determination.[50] Viewed in the light most favorable to Ms. Fillmore, the allegations plausibly suggest that the Government's allegedly tortious conduct arose not in the course of a benefits determination but rather from simple procedural negligence in attempting to recoup a debt.[51] At the least, the jurisdictional and substantive issues here are "so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of [the] action."[52] Therefore, the proper procedure for this

---

48 *Id.*
49 *Id.*
50 *See Roberson*, 2024 WL 2104498, at *2 (citations omitted).
51 *See In re Schering Plough Corp.*, 678 F.3d at 243 (citing *Gould Elecs. Inc.*, 220 F.3d at 176).
52 *Davis*, 824 F.3d at 348 (internal quotation marks omitted) (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983)).

Court "is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case."[53]

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

[53] *CNA*, 535 F.3d at 144 (citation omitted).